1  ROB BONTA
   Attorney General of California
2  SARA J. DRAKE
   Senior Assistant Attorney General
3  WILLIAM P. TORNGREN
   Supervising Deputy Attorney General
4  JEREMY STEVENS, State Bar No. 313883
   COLIN WOOD, State Bar No. 267539
5  Deputy Attorneys General
     1300 I Street, Suite 125
6    P.O. Box 944255
     Sacramento, CA 94244-2550
7    Telephone: (916) 210-7754
     Fax: (916) 323-2319
8    E-mail: Colin.Wood@doj.ca.gov
   *Attorneys for State Defendants*
9

10                IN THE UNITED STATES DISTRICT COURT

11              FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| 14 **AUGUSTINE BAND OF CAHUILLA INDIANS, a federally recognized Indian Tribe,** | Case No. 1:21-cv-01509-AWI-SKO |
| 15 | **STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA** |
| 16 Plaintiff, | |
| 17 v. | **[28 U.S.C. § 1404(a)]** |
| 18 | |
| 19 **STATE OF CALIFORNIA, and GAVIN NEWSOM IN HIS OFFICIAL CAPACITY AS GOVERNOR OF CALIFORNIA,** | Date: January 24, 2022 |
| 20 | Time: 1:30 p.m. Courtroom: 2 |
| 21 Defendants. | Judge: Hon. Anthony W. Ishii Trial Date: None Set Action Filed: October 12, 2021 |

22

23

24        Defendants the State of California (State) and Gavin Newson in his official capacity as

25  Governor of the State of California (collectively, State Defendants) submit this reply to Plaintiff's

26  Opposition to State Defendants' Motion To Transfer Venue to the Central District of California

27  (Opposition) filed by Plaintiff Augustine Band of Cahuilla Indians (Augustine or Tribe).

28

                                           1

1

**INTRODUCTION**

2    The Court should reject Augustine's arguments against transfer because they lack merit.

3    Despite agreeing to venue in the Central District, the Tribe argues that the forum-selection clause

4    in its current class III gaming compact is permissive and does not apply to the Tribe's allegations

5    that State Defendants failed to negotiate in good faith for a new gaming compact under the Indian

6    Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2701-2721, 18 U.S.C. §§ 1166-1167.  That

7    assertion is contrary to the Tribe's allegations in its complaint and disregards Ninth Circuit

8    precedent requiring that a non-mandatory forum-selection clause be a significant factor in

9    deciding a motion to transfer.

10    Augustine's other arguments against transfer similarly are without merit.  In its attempt to

11    avoid the agreed-upon forum-section clause, the Tribe asserts that the public interest supports

12    maintaining venue in the Eastern District and that State Defendants are "forum shopping."  But

13    unlike the tribes in other IGRA cases pending in the Eastern District, Augustine never was a

14    member of the Compact Tribes Steering Committee (CTSC, and CTSC Cases) and is not located

15    in the Eastern District.[1]  The CTSC member tribes share a negotiation history—and generally, a

16    common record of negotiations—that is completely separate from Augustine's.  Litigating those

17    cases in one district, despite a handful of the tribes being located in districts other than the Eastern

18    District, serves the public interest and promotes judicial economy.

19    As set forth below, under 28 U.S.C. § 1404(a) and consistent with the parties' agreed-upon

20    forum-selection clause, the Court should transfer this case to the Central District.

21

**ARGUMENT**

22   **I.    TITLE 28 U.S.C. § 1404(a) AND NINTH CIRCUIT PRECEDENT FAVOR TRANSFER**

23    In *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (*Jones*), the Ninth

24    Circuit listed a number of factors for a district court to consider in reviewing a motion to transfer

25    brought under 28 U.S.C. § 1404(a), such as State Defendants' Notice of Motion and Motion To

26    ―――――――――
[1]  State Defendants filed a similar motion to transfer with respect to a case brought by a
27   non-CTSC tribe that owns and operates a casino outside the Eastern District.  The plaintiff tribe
there thus is similarly situated to Augustine.  That motion is pending.  *See* State Defs.' Notice of
Mot. and Mot. To Transfer Venue to S.D. Cal., *Pauma Band of Mission Indians v. State of*
28   *California, et al.*, No. 2:21-cv-01166 (E.D. Cal. Oct. 15, 2021), Dkt. No. 13.

2

Transfer Venue to the Central District of California (Motion).  The *Jones* court specifically noted "the presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis." *Id*. at 499.  Here, as noted in both the Motion and the Opposition, the operative Tribal-State Compact Between the State of California and the Augustine Band of Mission Indians (2000 Compact) contains a forum-selection clause.  If the Court interprets the clause as mandatory, the Court *must* transfer this case to the Central District.  However, even if the clause is permissive, under *Jones* it is a significant factor—and arguably, the deciding factor—for transferring the case to the Central District in the Court's discretionary transfer analysis.  Mot., 4-5.

Augustine claims that its suit "is not based solely on" the 2000 Compact, but is "based on IGRA itself, which has no forum selection clause and imposes on the State an obligation independent of the Tribe's [2000 Compact] to negotiate in good faith concerning entering into a *new* [c]ompact." Opp'n, 5:24-27.  However, simply because Augustine may have brought a standalone IGRA claim elsewhere does not mean that Augustine may ignore the forum-selection clause to which it agreed when it brings this case under the auspices of its existing compact.  Compl., 4:25-27, 25:27-26:2.  The Court should reject the Tribe's argument.

The relevant remaining discretionary factors also weigh in favor of transfer.  As noted in the Motion, most of the usual factors do not apply to IGRA cases alleging failure to negotiate in good faith.  Live witnesses are not typically used, and courts instead evaluate the record of negotiations.  *Rincon Band of Luiseno Mission Indians of Rincon Reservation v. Schwarzenegger*, 602 F.3d 1019, 1041 (9th Cir. 2010) (good faith should be evaluated objectively based on the record of negotiations); *Cheyenne River Sioux Tribe v. State of South Dakota*, 830 F. Supp. 523, 527 (D. S.D. 1993) (issue of good-faith negotiation under IGRA should be decided on the basis of the transcripts of the negotiations).  This case has a completely different record than all other Eastern District IGRA cases, including the CTSC Cases.  It is related only in the sense that it also involves claims of alleged lack of good faith negotiating under IGRA, which the Central District is eminently capable of adjudicating, and has done so recently.  *See, e.g., Chemehuevi Indian Tribe v. Brown,* No. ED CV 16-1347-JFW (MRWx), 2017 U.S. Dist. LEXIS 220596 (C.D. Cal. Mar. 30, 2017).

3

Transfer also serves judicial economy and the interests of justice by speeding this case to resolution on a less-crowded docket. *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984) (docket crowding is accorded some weight in reviewing transfer motions). The Central District's docket is presumably less crowded than this Court's docket, and would likely move this case *faster* than the Eastern District—which is the Tribe's ostensible goal as well. *See* Order of Clarification: No District Judge Available to Hear Matters, Dkt. No. 7 (Presiding Judge Mueller noting the exceptional overcrowding on the Eastern District docket).

## II. STATE DEFENDANTS HAVE BEEN CONSISTENT IN THEIR VENUE POSITION

The Opposition claims that State Defendants are engaging in forum shopping, trying to delay this matter, and the State is not "principled" because it moved in October 2020 to have *Bear River Band of Rohnerville Rancheria v. California, et al.*, Case No. 1:20-cv-01539-AWI-SKO (*Bear River*), transferred to this Court from the Northern District. Opp'n, 5, 7-8. These claims lack merit.

Augustine's argument that State Defendants are forum shopping is belied by State Defendants' filing—consistent with the Motion—a similar transfer motion in *Pauma Band of Mission Indians v. State of California, et al.*, No. 2:21-cv-01166, before that case's assignment to Judge Ishii.[2] State Defendants have handled each similarly situated tribe—non-CTSC member tribe with a casino outside the Eastern District—the same.

In furtherance of its forum-shopping argument, Augustine asserts State Defendants wish to avoid another IGRA bad-faith case before this Court. The Tribe claims that this Court's decision in *Chicken Ranch Rancheria of Me-Wuk Indians v. Newsom*, No. 1:19-CV-0024 AWI SKO, 2021 U.S. Dist. LEXIS 63102 (E.D. Cal. Mar. 31, 2021) (*Chicken Ranch*) was "favorable" to the plaintiff tribes in that case and "there is no reason to expect that this Court's decision in

---

[2] The only other non-CTSC IGRA cases filed against the State currently pending in the Eastern District in which State Defendants have not moved to transfer are *Redding Rancheria v. State of California, et al.*, Case No. 2:21-cv-00579-AWI-SKO and *Berry Creek Rancheria of Maidu Indians of California v. State of California, et al.*, Case No. 2:21-CV-02284-JAM-DMC (*Berry Creek*). The plaintiff tribes in both of those cases are physically located in the Eastern District, which is the district specified in their forum-selection clauses. As of the filing of this reply, State Defendants have not been served in the *Berry Creek* matter, but the complaint was filed.

4

1    Augustine's action will be any less favorable to Augustine than it was to the tribal plaintiffs in

2    *Chicken Ranch*."  Opp'n, 7:20-22.  This characterization of the Court's order in *Chicken Ranch*

3    misreads the order and neglects the pending appeal.  The Court agreed with State Defendants that

4    all of the disputed topics in *Chicken Ranch*—a except child and spousal support orders which are

5    not at issue in Augustine's complaint—were proper topics of IGRA negotiations.  *See* Opp'n at 6,

6    n.5.  State Defendants appealed the Court's order because they respectfully disagree with the

7    Court's determination that IGRA requires a meaningful concession and rejecting spousal and child

8    support as a proper topic of negotiation.  But the Court decided largely in the State's favor in

9    *Chicken Ranch*, including on all or almost all of the issues enumerated in Augustine's complaint,

10   other than the meaningful-concession requirement.

11          Augustine also argues that the outcome of the *Chicken Ranch* matter in the Ninth Circuit

12   "may not be dispositive" of this matter.  The legal issues, however, are extremely similar.  If the

13   Ninth Circuit disagrees with this Court on the meaningful-concession requirement or similar

14   arguments, that decision will necessarily be dispositive here.  Augustine's complaint uses the

15   phrase "meaningful concessions" no fewer than twenty-four times.  The claim for relief in this

16   case is that the various topics "Either Are Not Proper Subjects of Negotiation Under IGRA, Or If

17   Not Improper Per Se, [the State Failed] To Offer Meaningful Concessions."  Compl., 14:4-6.  The

18   Ninth Circuit outcome in *Chicken Ranch* will be binding on the Central District, virtually

19   eliminating any risk of inconsistent results.

20          Augustine argues—with only supposition as support—that State Defendants are delaying

21   because they filed this Motion instead of immediately pushing toward a dispositive motion in this

22   case.  State Defendants are entitled to assert their rights under the 2000 Compact and 28 U.S.C. §

23   1404(a).  That is what they are doing.

24          Finally, Augustine claims State Defendants are not principled because State Defendants

25   sought the transfer of *Bear River* from the Northern District to the Eastern District in Fall 2020.

26   Opp'n, 5:11-18.  *Bear River,* unquestionably, involves a member of CTSC.  Litigating that case in

27   the Northern District while six other cases with virtually identical records of negotiation were

28   litigated in the Eastern District truly created a significant risk of inconsistent results—not to

5

1    mention twice the work for judicial staff in different districts to evaluate nearly identical filings.

2    The distinction between that case and this is clear.

3                                    **CONCLUSION**

4           For the foregoing reasons, State Defendants respectfully request that the Court grant their

5    Motion and transfer this matter to the United States District Court for the Central District of

6    California.

7    Dated:  January 14, 2022                    Respectfully submitted,

8                                                Rob Bonta
                                                 Attorney General of California
9                                                Sara J. Drake
                                                 Senior Assistant Attorney General
10                                               William P. Torngren
                                                 Supervising Deputy Attorney General
11                                               Jeremy Stevens
                                                 Deputy Attorney General
12

13                                               */s/ Colin A. Wood*

14

15                                               Colin A. Wood
                                                 Deputy Attorney General
16                                               *Attorneys for State Defendants*

17

18

19

20

21

22

23

24

25

26

27

28

                                         6

# CERTIFICATE OF SERVICE

Case Name:   **Augustine Band v. State of California, et al.**          No.   **1:21-cv-01509-AWI-SKO**

I hereby certify that on <u>January 14, 2022,</u> I caused to be electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>January 14, 2022</u>, at Sacramento, California.

| | |
|---|---|
| Colin A. Wood | */s/ Colin A. Wood* |
| Declarant | Signature |

State Defs.' Reply Supp. Mot To Transfer Venue to C.D. Cal. (1:21-cv-01509-AWI-SKO)